## Appeal of L. C. Barton.

On an application to open a judgment, where there was nothing for the court below to act upon but the petition and oath of the applicant, and these were opposed by the oath of the other party, *held*, that the refusal of such court to open the judgment was but the exercise of a sound legal discretion, with which this court could not interfere.

(Decided November 15, 1886.)

Argued Nov. 10, 1886, before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. October Term, 1886, No. 240, W. D. Appeal from an order of the Common Pleas No. 1 Allegheny County discharging a rule to show cause why a judgment should not be opened. Affirmed.

In July, 1885, judgment was entered against L. C. Barton in favor of Robert Pollock for $308.61 on a judgment note given by Barton to Pollock. November 14, 1885, the defendant L. C. Barton presented a petition to the court to have such judgment opened, alleging "that he has a defense to a part of plaintiff's claim, in this, that at the time the judgment note in suit was given to plaintiff, that he was only indebted to him in the sum of $225, with interest from January 4, 1884, and that the additional $50 added in said note was for interest thereon. Affiant further says that he has made payments in sums of $25 each on said indebtedness, aggregating $150, on or about the dates set out in the statement hereto attached, which sums plaintiff has appropriated as interest on said indebtedness, which defendant claims to be usurious and unlawful, and asks that said sum, less the lawful interest, be credited to him on the principal debt as per statement attached. That with said credits defendant is only indebted to plaintiff on said note in the sum of $86.74, with interest from February 7, 1885, which sum, together with the costs, he hereby tenders to plaintiff, and will pay the same to the sheriff on the execution now in his hands, issued on this judgment. Affiant therefore prays Your Honors to grant him a rule on plaintiff to show cause why the judgment in this case should not be opened and affiant let into a defense:

NOTE.—See note to Roenigk's Appeal, 1 Sad. Rep. 284.

and in the meantime proceeding stayed on the said execution. All of which is true, to the best of affiant's knowledge and belief."

The court granted a rule to show cause why the judgment should not be opened and the defendant let into a defense and granted a stay of proceedings in the meantime. The answer of Robert Pollock alleged that it was not true as set out in defendant's petition, "that at the time of giving the note in suit, he was only indebted to the plaintiff in the sum of $225 with interest from January 4, 1884. But he was indebted to the plaintiff in the sum of $275 with interest from May 8, 1884, and the additional $50, nor was there any part thereof added for interest.

"The next allegation in said affidavit is utterly untrue, as he has not made any payments on said indebtedness, and the statement attached is also utterly untrue, and the plaintiff has not received nor appropriated any sum as interest.

"Affiant further states that defendant has made to him several offers in writing of payment of this entire indebtedness, and this since execution was issued, provided he was allowed time, and payment was received in instalments of $25 or $50 per month, which affiant agreed to take; but defendant failed to perform any of his offers.

"He also made a claim to the sheriff as agent of his wife that the goods levied on were hers, and after about eighteen days, after an issue was granted by the court, without anything being done by the alleged claimant under the rule of court on that subject, compelled affiant to ask the court to revoke the order granting an issue, which it did.

"On the afternoon of November 14, 1885, and after the present rule was granted, defendant sent a statement to affiant in which he admitted his indebtedness of principal and interest to be $285.13, and by his agent promised to pay the same, in certain instalments; wherefore affiant asks the court to discharge said rule."

The case was heard in the court below on the petition and answer, and the court discharged the rule to show cause; whereupon, L. C. Barton took this appeal, assigning such action of the court as error.

*McMullen & Myler* for appellant.

*Robert Pollock, pro se,* for appellee.

PER CURIAM:

As there was nothing in this case on which the court could act but the petition and oath of the appellant, and as these were opposed by the oath of the appellee, the refusal to open the judgment was but the exercise of a sound legal discretion with which we will not interfere.

Decree affirmed and appeal dismissed, at the costs of the appellant.